1  Robert N. Ives, State Bar No. 104154
   **IVES & ASSOCIATES**
2  105 Avenida de la Estrella, Suite 2b
   San Clemente, CA 92672-3985
3
   Telephone:  (949) 366-6677
4  Facsimile:  (949) 366-6262

5  Attorneys for Defendants, Mirghavam Kiani
   and Ashraf A. Zafari
6

7

8              IN THE UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      CENTRAL DIVISION

11

12 J & J SPORTS PRODUCTIONS, INC. )  Case No. 5:10-cv-01768-WDK-FMO
                                  )
13        Plaintiffs,             )
                                  )  **EX PARTE APPLICATION FOR**
14                                )  **ORDER CONTINUING HEARING**
                                  )  **AND RESPONSE DATE RE**
15 v.                             )  **MOTION FOR SUMMARY**
                                  )  **JUDGMENT AND SHORTENING**
16                                )  **TIME FOR HEARING OF**
                                  )  **MOTION FOR RELIEF FROM**
17                                )  **DISCOVERY WAIVERS AND**
   MIRGHAVAM GHAVAM KIANI, et     )  **DEEMED ADMISSIONS**
18 al.,                           )
                                  )  (Fed. Rule of Civ. Proc. Rule 6 (b);
19        Defendants.             )  Local Rules 7-1,7-18)
                                  )
20                                )
                                  )
21                                )  **MSJ Hearing Date**: April 9, 2012
                                  )  **Proposed Date:**  May 10, 2012
22                                )  **Ex parte hearing:** To Be Set
                                  )  **Time:**            To Be Set
23 _____)  **Courtroom:** 1600
                                     **Judge:** Honorable William D. Keller
24

25
        TO THE HONORABLE COURT, ALL PARTIES, AND THEIR
26
   ATTORNEYS OF RECORD:
27
   1. NOTICE OF EX PARTE APPLICATION
28
        PLEASE TAKE NOTICE THAT Defendants, Mirghavam Kiani

1  and Ashraf A. Zafari, by and through their counsel of record, Robert N. Ives of
2  IVES & ASSOCIATES, will and hereby do by this ex parte application, move the
3  Court for an Order that:
4      1. The hearing of Plaintiff's Motion for Summary Judgment be continued
5  from April 9, 2012 to May 9, 2012, to be heard at the same time and location,
6      2. That the response dates for opposition and reply regarding Plaintiff's
7  Motion for Summary Judgment be adjusted according to applicable Rules by
8  reference to the new hearing date, and
9      3. That Defendants time for notice and hearing of a motion for relief from
10 the effects of Requests for Admission that were deemed admitted by Defendant's
11 failure to respond as the result of inadvertence and excusable neglect.
12
13 2. GROUNDS FOR EX PARTE APPLICATION
14     PLEASE TAKE NOTICE that this Ex parte Application is presented on the
15 grounds that Defendants have substituted a new attorney to their defense. As a
16 result of inadvertence and excusable neglect, prior counsel did not prepare a
17 response to the Motion and did not mail a copy of the Motion to new counsel until
18 ten (10) days after receiving it by mail from the moving party. Because of this,
19 new counsel did not actually receive a copy of the Motion for Summary Judgment
20 until Wednesday, March 21, 2012. The documents disclose that the Motion for
21 Summary Judgment is set for hearing on April 9, 2012. According to Local Rule
22 7-9 Defendants' opposition was due on Monday, March 19, 2012. This meant that
23 new counsel did not receive the Motion until two (2) court days *after* Defendants'
24 response to the Summary Judgment Motion was due.  Obviously, as the result of
25 the confusion and logistics of file transfers upon substitution, new counsel did not
26 have adequate time to prepare a proper response to the Motion for Summary
27 Judgment.
28     Next, upon reviewing the evidence presented in support of the Motion new

counsel discovered for the first time that former counsel did not prepare responses to written discovery propounded by Plaintiff, and did not obtain an extension of time to respond. The written discovery included Requests for Admissions that were, due to the failure to timely respond, deemed admitted. A majority of the admissions are not true and are completely inconsistent with the defenses of Defendants. These admissions are so prejudicial to Defendants that they effectively deny Defendant an opportunity to oppose the motion. The admissions will, unless Defendants are permitted to present a motion to set them aside before responding to the Motion for Summary Judgment, unfairly allow Plaintiff to obtain an order and undeserved judgment of liability pursuant to the Motion for Summary Judgment.

3. NOTICE OF ANTICIPATED OPPOSITION

On March 22, 2012 new counsel for Defendant contacted Plaintiff's counsel, Mr. Thomas P. Riley, and spoke to him by telephone. There were three purposes for the call: 1) to advise him of the foregoing facts regarding the Motion for Summary Judgment; 2) to request that he agree to stipulate to an order of this Court continuing the Motion for Summary Judgment and permitting new counsel adequate time and opportunity to move for leave to amend the admissions against Defendants; and 3) to give notice of Defendants' intention to move this court ex parte for the aforesaid relief. After being advised of the foregoing Mr. Riley refused to stipulate to the requested relief and also made it clear that he would oppose the Application.

4. PLEADINGS IN SUPPORT OF APPLICATION

PLEASE TAKE NOTICE that this Ex parte Application will be based on this Notice, the within Memorandum of Points and Authorities, the Declaration of Robert N. Ives, Esq., the records on file in this District Court, and any oral

argument at the time of the hearing of this Application.

5. <u>COMPLIANCE WITH LOCAL RULES:</u>

PLEASE TAKE NOTICE that, this application is made following the conference of counsel as set forth in the preceding paragraph pusuant to L.R. 7-3, which took place on March 22, 2012. Based on the urgency of the relief requested, Defendants hereby request that the Court waive the requirements of Local Rule 7-3 that conferences take place ten (10) days prior to motion.

Dated: March 23, 2012              **IVES & ASSOCIATES**

_____
Robert N. Ives,  Attorneys for Defendants
Mirghavam Kiani and Ashraf A. Zafari