UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

| Present: The Honorable | WILLIAM D. KELLER | |
|---|---|---|
| PATRICIA GOMEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#26]

## I. INTRODUCTION

Plaintiff J & J Sports Productions, Inc. moves for partial summary judgment as to Counts I and III against defendants Mirghavam Ghavam Kiani and Ashraf A. Zafari, individually and d/b/a Giovanni's Pizza (hereinafter "defendants"). Defendants filed an opposition. The Court has considered the papers filed in support of and in opposition to the motion, and deems the matter appropriate for resolution without oral argument. *See* L.R. 7-15.

After reviewing the arguments set forth by the parties, the Court GRANTS summary judgment on liability for Counts I and III in favor of plaintiff.

## II. BACKGROUND

Plaintiff is a closed-circuit distributor of sports and entertainment programming. (Gagliardi Aff., ¶3.) Plaintiff purchased and retained the commercial exhibition licensing rights to *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program* (hereinafter "the Program"), which was broadcast on Saturday, November 14, 2009. (*Id.*)

Defendants own and/or operate Giovanni's Pizza, a commercial establishment. (Compl. ¶¶7-8.) Defendants subscribed to DISH Network and showed the Program via DISH satellite service. (Zafari Decl.¶¶ 5, 7-8; Defendants' Answer at 3.) On Saturday, November 14, 2009, the evening that the Program was displayed, plaintiff's investigator Douglas A. Brenn observed the under-card bout between Yuri Foreman and Daniel Santos exhibited at Giovanni's Pizza. (Gagliardi Aff., ¶7.) The Program included the main event prizefight as well as color commentary and under-card bouts. (*Id.*)

Plaintiff alleges four counts against defendants: (I) a violation of Title 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts; (II) a violation of Title 47 U.S.C. § 553, which prohibits unauthorized interception of cable communications; (III) conversion; and (IV) a violation of California Business and Professions Code Section 17200, *et seq*. (*See generally* Compl.) Plaintiff moves for summary judgment only as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

Counts I and III.

    A.    <u>Plaintiffs Have Not Failed to Join an Indispensable Party Under Rule 19.</u>

Defendants claim that by not naming the promoter of the Program, Top Rank, Inc. ("Top Rank") as a party, plaintiffs have failed to join an indispensable party in violation of Rule 19 of the Federal Rules of Civil Procedure. While plaintiff correctly asserts that this issue has not been properly procedurally addressed, the Court will consider it nonetheless.

Top Rank has not been injured within the meaning of Rule 19, i.e., the current case will not "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest . . ." Fed.R.Civ.P.19(a)(1)(B)(ii). Also, plaintiff is correct in its reliance on the Ninth Circuit's reasoning in *Altmann v. Republic of Austria* which states that, "Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" 317 F.3d 954, 972 (9th Cir. 2002). Finally, this position is informed by the contract between the plaintiff and Top Rank which states, "Promoter agrees that you [i.e. the plaintiff] may retain the services of [counsel] to pursue anti-piracy claims in the Territory." (Gagliardi Aff., Exh. 1 at 4, ¶7.) Accordingly, the Court finds that the plaintiff has not failed to join an indispensable party pursuant to Rule 19.

    B.    <u>Mirghavam Kiani Is Not Liable.</u>

Plaintiff avers that defendant Mirghavam Kiani is liable based on his admission in the defendants' answer to being a principle of Giovanni's Pizza. However, defendants state that Ms. Zafari bought out Mr. Kiani's interest in Giovanni's Pizza in full on October 6, 2001. (Opp'n at 6-7; Zafari Decl. 3:6-11; Exh. C.) Thus, the Court is persuaded that Mirghavam Kiani had no interest in Giovanni's Pizza at the time of the alleged incident. Therefore, the case is DISMISSED as to defendant Kiani.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *See* Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). *See also Celotex Corp.*, 477 U.S. at 324.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. *See also Abromson v. American Pacific Corp.*, 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,* 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. *See Matsushita*, 475 U.S. at 587.

IV.   DISCUSSION

  A.   **Violation of Title 47 U.S.C. § 605**

Plaintiff's first claim is for violation of 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts. (Compl. at ¶¶ 9-18.) To state a claim under 47 U.S.C. § 605, plaintiff must allege that defendants "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *California Satellite Sys. v. Seimon*, 767 F.2d 1264, 1366 (9th Cir. 1985). Section 605 provides:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained for his own benefit or the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information contained therein) for his own benefit or for the benefit of another not entitled thereto . . . 47 U.S.C. § 605(a)

The language of § 605 refers to intercepted "radio" communications which courts have interpreted to include satellite transmissions. *Kingvision Pay Per View, Ltd. v. Williams,* 1 F.Supp.2d 1481, 1484 (S.D. Ga. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

Defendants admit that the Program was exhibited at Giovanni's Pizza via DISH satellite Network. (Opp'n at 2-3; Defendants' Answer at 3.) Defendants state that they purchased the Program through pay-per-view and what they believed was a valid commercial account.[1] (Opp'n at 3; Zafari Decl. ¶¶ 5-7, 13-14.) However, the commercial distribution rights to the Program were conferred exclusively to plaintiff and the defendants did not contract with plaintiff to obtain the right to exhibit the Program. (Mot. at 3; Gagliardi Aff., ¶3; Exh.1.) In addition, courts have interpreted both § 605 and § 553 to be strict liability statutes. 47 U.S.C. § 605 (e)(3)(C)(iii) states, "In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." In *International Cablevision, Inc. v. Sykes,* the Second Circuit discusses the legislative intent behind this subsection:

> Subsection (C)(iii) also embodies the recognition that in those rare situations in which a violator of subsection (a) had absolutely no reason to believe that his acts constituted a violation of the law, the court may reduce the award to $100. *It is not intended that this provision serve in any way as a defense to a determination of liability* under subsection (a), but rather only as a provision to be exercised in the court's discretion for those rare instances of ignorance of the law on the part of one adjudged to have violated it. *International Cablevision, Inc. v. Sykes,* 997 F.2d 998, 1004 (2nd Cir. 1993) citing 130 Cong.Rec 31,875 (1984) (Statement of Sen. Bob Packwood; emphasis added) (codified at 47 U.S.C. § 605(e)(3)(C)(iii) (1988)) ($100 minimum provided by 1984 Act for violation of § 605 increased to $250 in 1988).

Other courts have been similarly persuaded. *See J&J Sports Productions, Inc. v. Delgado,* 2012 WL 371630, *3 (E.D.Cal. Feb. 3, 2012); *Don King Productions/ Kingvision v. Lovato,* 1996 WL 682006, *3 (N.D.Cal. Nov. 15, 1996). Therefore, the Court GRANTS summary judgment as to Count I.

### B.    Violation of Title 47 U.S.C. § 553

Plaintiff's second claim is for violation of 47 U.S.C. § 553, which prohibits unauthorized interception of cable communications. (Compl. at ¶¶ 19-23.) Specifically, section 503 prohibits a person from "intercept[ing or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system." Cases involving violations via cable broadcast are governed by § 553 while communications received via satellite broadcast are governed by § 605. *Joe Hand Promotions, Inc. v. Kennedy,* 2012 WL 832543, * 4 (N.D.Ohio March 9, 2012). Also, "Courts have generally held that a Plaintiff may not receive damages under both 47 U.S.C. § 605 and 553, for the same alleged interception or receipt of protected communications." *Id.* Here, the parties agree that the interception of the Program occurred via satellite and not via cable broadcast. Because the Court finds liability under § 605 and plaintiff does not include Count II as part of its motion for summary judgment, the Court DISMISSES Count II sua sponte as moot.

---

[1] The defendants do not provide any supporting documentation, i.e. invoice, contract, etc.

Case 5:10-cv-01768-WDK-FMO Document 40 Filed 02/22/13 Page 5 of 6 Page ID #:387

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

### C. Conversion

Plaintiff's third claim alleges that defendants committed the tort of conversion. (Compl. at ¶¶ 24-27.) To state a claim for conversion under California law, a plaintiff must allege: (1) ownership or right to possession of property; (2) defendant's wrongful disposition of the property right; and (3) damages. *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992).

In *Integrated Sports Meida, Inc. v. Lopez,* Judge James V. Selna granted summary judgment under a similar set of facts. Case No. 8:10-cv-00304-JVS-RNB (C.D.Cal. July 18, 2011). In *Lopez,* the court found that the plaintiff had the exclusive right to distribute the fight, that the defendants exhibited the fight without authorization, and that the plaintiff sufficiently alleged damages in the complaint. *Id.*

Here, plaintiff has shown that it was granted the exclusive commercial distribution rights to the Program. (Gagliardi Aff., ¶3.) Plaintiff has also established that the defendants failed to purchase a commercial license to authorize the lawful exhibition of the Program at Giovanni's Pizza. (Gagliardi Aff., ¶7.) Lastly, plaintiff has alleged that it is entitled to compensatory, punitive and exemplary damages. (Complaint at ¶ 27; 9-10.) Thus, the Court GRANTS summary adjudication as to Count III.

### D. Violation of California Business and Professions Code § 17200, *et seq.*

In view of the foregoing rulings by the Court, it appears that the remaining claim is effectively mooted. Plaintiff's counsel is requested to advise the Court as to the appropriateness of pursuing the remaining claim.

### E. Damages

To this Court's recollection, this is the first time it has been presented with the issue of damages following summary judgment in a cable case. Accordingly, the Court requests further briefing by the parties regarding the procedure by which the issue of damages should be determined. To assist the Court, the parties are requested to provide as part of their briefing, copies of all relevant contracts including the DISH Satellite residential and commercial contracts, the invoice pertaining to this defendant, and any and all other documentation that bears upon the issue of willfulness. The Court is interested in addressing this recurring problem. The parties are to provide all additional information pertaining to damages within 21 days of the date of this order.

### V. CONCLUSION

In accordance with the foregoing, the Court DISMISSES the action entirely as to defendant Mirghavam Ghavam Kiani, GRANTS summary adjudication on liability for Counts I and III in favor of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-01768 WDK (FMOx) | Date | February 22, 2013 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. MIRGHAVAM GHAVAM KIANI, ET AL. | | |

plaintiff, DISMISSES Count II, and requests further briefing by the parties regarding the issue of

damages and the remaining Count IV within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

:

Initials of Preparer     PG